UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MIGUEL ROBERT DIDATO,            :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO.  3:18cv341(DFM)
                                 :
ANDREW M. SAUL, COMMISSIONER     :
OF SOCIAL SECURITY,              :
                                 :
     Defendant.                  :


                    RULING ON MOTION TO DISMISS

Pending before the court in this social security appeal is the defendant's motion to dismiss. (Doc. #16.) The motion is granted.[1]

I.   Procedural Background

In February 2018, the plaintiff, who is self-represented, commenced this action seeking review of the final determination of the Commissioner denying the plaintiff's application for SSA benefits. Attached to the complaint was a notice from the Appeals Council that it had "dismissed [his] request for review" and that "dismissal of a request for review is final and not subject to review." (Doc. #1 at 4.) The defendant thereafter moved to dismiss the plaintiff's complaint because the plaintiff failed to exhaust administrative remedies. (Doc. #16.) The plaintiff did

---

[1]This is not a recommended ruling. The parties consented to the jurisdiction of a magistrate judge. (Doc. #10.)

not file any response to the defendant's motion. The court, in an abundance of caution, issued an order extending, sua sponte, the deadline by which the plaintiff could file a response. In addition, the court notified the plaintiff that "[i]f no opposition is filed, the court may grant the defendant's motion." (Doc. #18.) Still the plaintiff did not file a response to the defendant's motion.

II. Facts

On March 1, 2016, an Administrative Law Judge ("ALJ") issued a Notice of Decision ("Notice") denying the plaintiff's applications. (Doc. #16-5.) The Notice advised the plaintiff of his right to appeal the ALJ's decision by filing a request for Appeals Council review within 60 days of receipt of the Notice, that is, by no later than May 5, 2016. 20 C.F.R. § 404.968(a)(1). It warned, however, that untimely requests for review would be dismissed unless plaintiff could show a "good reason for not filing it on time." (Doc. #16-5.)

The plaintiff did not file a Request for Review of the ALJ's decision with the Appeals Council until January 26, 2017. (Doc. #16, Prelle Decl. ¶3(d).) On November 14, 2017, the Appeals Council sent the plaintiff a letter notifying him that his request for review was untimely. The letter explained that the Notice of the ALJ's decision was dated March 1, 2016 and therefore "the last day you could file your request for review was May 5, 2016." (Doc.

#16, Prelle Decl. ¶(3)(e); doc. #16-7 at 1.) The letter further stated that the plaintiff's request for review did not contain any "statement or other information about why [the plaintiff] did not file an appeal on time." (Doc. #16-7 at 1.) The SSA advised the plaintiff to "send us a statement showing the reason(s) why you did not file the request for review within 60 days." (Doc. #16-7 at 1.) On December 4, 2017, the plaintiff submitted a letter. (Doc. #16-8.) By order dated December 19, 2017, the Appeals Council found that the plaintiff had not demonstrated good cause for extending the deadline. (Prelle Decl. ¶(3)(g); doc. #16-9 at 2.). This action followed.

III. Discussion

The defendant argues that the plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.

Section 405(g) of the Social Security Act "has been interpreted to require that, generally speaking, administrative procedures must be exhausted before judicial review is available." Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983). The procedures that a plaintiff must exhaust include "an initial determination, a reconsideration of that determination, a hearing decision by an ALJ, and an Appeals Council review." Gonzalez ex rel. Guzman v. Sec'y of the Dep't of Health & Human Servs., 360 F. App'x 240, 245 (2d Cir. 2010) (citing 20 C.F.R. § 416, subpt. N); see also Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5 (2d

3

Cir. 2011). "[A] timely request for review by the Appeals Council is required for exhaustion of administrative remedies." Rivera v. Apfel, No. 01 CIV. 0752 (NRB), 2001 WL 699065, at *2 (S.D.N.Y. June 21, 2001). "Though there are exceptions to the administrative exhaustion requirement, the failure to timely file a request for review is not one of them." Rice-McKenzie v. Colvin, No. 3:16CV1448(SRU), 2017 WL 2960507, at *1 (D. Conn. July 11, 2017). at *2.[2]. See also Brandtner v. Dep't of Health & Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) ("Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and, consequently, there is no 'final decision' for us to review."). See Rice-McKenzie, 2017 WL 2960507, at *2 (where plaintiff brought an action after the Council rejected her request for review of the ALJ decision as untimely, "[n]either the ALJ's decision nor the Council's rejection of her untimely request for review constitutes a 'final decision' under section 405(g). . . . Accordingly, I lack jurisdiction to review either decision."); Rivera, 2001 WL 699065, at *2 ("It is well settled in the Second

---

[2]Moreover, the court does not have jurisdiction to review a decision by the Appeals Council to dismiss an untimely request for review. See Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983)("[t]he Appeals Council may dismiss an untimely request for review, 20 C.F.R. § 404.971, and such a dismissal is not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g).")

4

Circuit that the Appeals Council may dismiss untimely requests for review and that such dismissals do not constitute 'final decisions' within the meaning of § 405(g). . . . The Appeals Council may extend the filing time on a showing of good cause, but a refusal to do so, like a dismissal of an untimely request, is not considered a final decision by the Commissioner.") (citing cases)

Here, it is undisputed that the plaintiff did not request review of the ALJ's within 60 days. Therefore, he failed to exhaust his administrative remedies and the court lacks jurisdiction. See Echeandia v. Berryhill, No. 3:18CV42(JGM), 2018 WL 1951132, at *4 (D. Conn. Apr. 25, 2018)(where plaintiff failed to exhaust, the court lacks jurisdiction); Muniz v. Astrue, No. 07-CV-1945, 2007 WL 4591259, at *1 (E.D.N.Y. 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it."); Keesing v. Apfel, 124 F.Supp.2d 134, 135 (N.D.N.Y. 2000) ("The requirements of 42 U.S.C. §§ 405(g) and (h) are prerequisites for subject matter jurisdiction, which plaintiff satisfied once he exhausted his administrative procedures and obtained a final decision after being denied review from the Appeals Council.").

There are certain circumstances in which a federal court may excuse a claimant's failure to exhaust. "[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim

5

is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997). Here, the plaintiff's claim "is not collateral to his demand for benefits, as it involves a demand for [retroactive] benefits." Escalera, 457 F. App'x at 6. Moreover, nothing in the record suggests that exhaustion would be futile or that requiring exhaustion would result in irreparable harm. Accordingly, in the absence of a "final decision" as required by 42 U.S.C. § 405(g), this case must be dismissed.

IV. Conclusion

For these reasons, the defendant's motion to dismiss the plaintiff's complaint (doc #16) is granted.

SO ORDERED at Hartford, Connecticut, this 4th day of October, 2019.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge